640 A.2d 354

STATE IN THE INTEREST OF N.S.

Superior Court of New Jersey
Chancery Division Family Part
Hudson County

Decided November 15, 1993.

*Honoria Forte*, Assistant Deputy Public Defender (*Verna Leath*, Hudson County Deputy Public Defender, attorney), for the juvenile.

*Ramon De La Cruz*, Assistant Prosecutor (*Carmen Messano*, Hudson County Prosecutor, attorney), for the State.

JOSE L. FUENTES, J.S.C.

On November 1, 1993, N.S. plead guilty to acts which, if committed by an adult, would constitute receiving stolen property in violation of *N.J.S.A.* 2C:20–7. The factual basis for his plea revealed that the property involved was a motor vehicle. The plea agreement which resulted in N.S.'s guilty plea anticipated imposition of a review period at sentencing. Nevertheless, the State argues that N.S. is subject to certain penalties mandated by statute despite the review period. In particular, the State is asking that the court impose sixty days community service under the newly amended *N.J.S.A.* 2A:4A–43(e)(1), and a fine of $500 and suspension or postponement of the juvenile's driving privileges for one year pursuant to *N.J.S.A.* 2C:20–2.1(a)(1). Counsel for the juvenile argues that, since the anticipated resolution of this case is a review period under *N.J.S.A.* 2A:4A–43(b)(1), which by its very definition adjourns formal entry of disposition, the penal-

ties sought by the State are not mandatory in this case.[1] As *N.J.S.A.* 2A:4A–43(e)(1) was just enacted in June of 1993, the issues raised in this case relating to that provision are questions of first impression, and have not been subjected to formal judicial review.

The Appellate Division recently reminded us that "[i]n construing [a] statute ... our role is to give effect to the Legislature's intent. Among the sources of legislative intent are the language chosen by the Legislature, the policy behind the act, its legislative history, and concepts of reasonableness." *State in the Interest of J.L.A.*, 262 *N.J.Super.* 78, 81, 619 *A.*2d 1321 (App.Div.1993). It is with these principles in mind that this court interprets the statutory provisions at issue in this case.

*N.J.S.A.* 2A:4A–43(b) provides that "[i]f a juvenile is adjudged delinquent, and except to the extent that an additional specific disposition is required pursuant to subsection e. or f. of this section, the court may order ... any one or more of the following dispositions ..." Subsection (e) of 2A:4A–43 is the mandatory penalty provision invoked by the State in this case. The first issue, then, is whether or not imposition of a review period qualifies as a "disposition," thus triggering the application of subsection (e). Counsel for the juvenile argues that it does not. She points out that, under 2A:4A–43(b)(1), a period of review "(a)djourn(s) formal entry of disposition of the case." This language would seem to indicate that a review period is not a disposition, and thus arguably does not trigger the "except to the extent" clause of 2A:4A–43(b).

There is language in the statute, however, which indicates that a different interpretation is demanded. First, 2A:4A–43(b) begins

---

[1] Specifically, *N.J.S.A.* 2A:4A–43(b)(1) provides that a court may "[a]djourn formal entry of disposition of the case for a period not to exceed 12 months for the purpose of determining whether the juvenile makes a satisfactory adjustment, and if during the period of continuance the juvenile makes such an adjustment, dismiss the complaint...." This particular section of the Juvenile Code outlines a menu of alternative dispositions for the court's consideration.

with the condition, "(i)f a juvenile is adjudged delinquent...." It is inescapable that the juvenile in this case has been adjudged delinquent, since in order to impose a review period the juvenile has to either plead guilty or be adjudicated delinquent after a trial. Once that condition is met, the language "except to the extent that an *additional* specific disposition is required pursuant to subsection e. or f. ..." (emphasis added) must be considered. This language indicates that there must be a previous "disposition" before the "additional" dispositions required by subsections (e) or (f) are triggered. Since, as discussed above, a review period under (b)(1) "adjourns formal entry of *disposition* of the case," (emphasis added) it can be argued that a review period is **not** a disposition. However, this interpretation is belied by other language in the same section. Subsection (b) reads "... the court may order ... any one or more of the following *dispositions:* (1) Adjourn formal entry of disposition ..." (emphasis added). This language reveals that the Legislature considered a "review period" to be a disposition, thus triggering the "except to the extent" clause of subsection (b). Once there is a judgment of delinquency and a disposition, there is no alternative but to go to subsections (e) or (f) to see what other dispositions are required.

Under 2A:4A–43(e)(1), either incarceration or an order to perform a minimum sixty days community service must be imposed on any juvenile who is adjudicated delinquent for an act which, if committed by an adult, would constitute the crime of theft of a motor vehicle. N.S. has plead guilty to 2C:20–7. That section, though entitled "Receiving Stolen Property," states that "a person is guilty of *theft* if he knowingly receives ..." (emphasis added). Since the factual basis revealed that the property N.S. received was a motor vehicle, he has been adjudicated delinquent for theft of a motor vehicle, and the mandatory penalties of 2A:4A–43(e)(1) are applicable.

The State also seeks mandatory penalties under *N.J.S.A.* 2C:20–2.1(a), which provides that "(i)n addition to any other disposition authorized by law, a person convicted under the provi-

sions of N.J.S. 2C:20–2 of theft of an automobile shall be subject ..." to a $500 penalty and the suspension or postponement of his or her driving privileges. The State argues that this section applies to juveniles who are adjudicated delinquent in the family part as well as persons convicted in the criminal division. It bases this contention on language in *N.J.S.A.* 2C:20–2.1(b), which discusses the time a suspension is to begin "(i)n the case of any person who at the time of the imposition of sentence is less than 17 years of age...."

The State is in error when it argues that this language confers jurisdiction upon this court to impose these penalties. Persons under the age of seventeen are not necessarily treated as juveniles by the court under New Jersey law. *N.J.S.A.* 2A:4A–26 specifically provides for the removal of juveniles charged with delinquency to the Criminal Division. If a juvenile is thus removed, he or she can be subject to all of the sanctions available in the adult Criminal Code. It is therefore possible that this is the class of individuals to which the Legislature intended the language in question to apply, and not to juveniles who have been adjudicated delinquent in the Family Part.

Moreover, other provisions in the New Jersey Criminal Code demonstrate that the Legislature will explicitly apply a mandatory penalty to juveniles who have been adjudicated delinquent if they so desire. For example, *N.J.S.A.* 2C:35–15 provides for Mandatory Drug Enforcement and Demand Reduction Penalties where certain offenses are committed. The language in this section is unambiguous: it applies to "every person convicted of or *adjudicated delinquent* for a violation of any offense defined in this chapter ..." (emphasis added). A further example can be found in *N.J.S.A.* 2C:35–20. This section imposes mandatory forensic laboratory fees in certain cases involving controlled dangerous substances. Again the Legislature specifically provides for juveniles: "any juvenile adjudicated delinquent for a violation of this chapter, shall be assessed a laboratory analysis fee of $25.00 for each adjudication." *N.J.S.A.* 2C:35–20(b). Since the Legislature

used such explicit language applying these provisions to juveniles, there is no reason to believe that they would not use the same specificity in *N.J.S.A.* 2C:20–2.1 if they intended such an application.

There is an additional indication that the State's suggested interpretation would not advance the Legislature's intent in this area. According to *N.J.S.A.* 2A:4A–21(b), one of the purposes of the creation of the Code of Juvenile Justice is:

> Consistent with the protection of the public interest, *to remove from children committing delinquent acts certain statutory consequences of criminal behavior,* and to substitute therefor an adequate program of supervision, care and rehabilitation (emphasis added).

It appears clear to this Court that, in the absence of a specific provision in the Code of Juvenile Justice attaching a penalty to a given offense, and in the absence of specific language in the Criminal Code imposing a given sanction on juveniles adjudicated delinquent, penalties set out in the Criminal Code should not be imposed on juveniles in the Family Part.

For the reasons expressed above, I hold the following. A "review period" pursuant to *N.J.S.A.* 2A:4A–43(b)(1) is a disposition. As such, if it is imposed on a juvenile who has committed a theft of a motor vehicle, the mandatory sanctions of 2A:4A–43(e)(1) must also be imposed. On the other hand, I hold that the penalties outlined in *N.J.S.A.* 2C:20–2.1 were not intended by the Legislature to apply to juveniles still under the jurisdiction of the Family Part and that this court therefore has no authority to apply them in this case.

In addition to the review period anticipated by the plea agreement, N.S. must perform sixty days of community service. No other fines or penalties are imposed.