653 A.2d 612

STATE OF NEW JERSEY, IN THE INTEREST OF V.M.,
A JUVENILE, DEFENDANT/RESPONDENT.

Superior Court of New Jersey
Appellate Division

Submitted December 14, 1994—Decided February 23, 1995.

Before Judges SHEBELL, SKILLMAN and WALLACE.

*Carmen Messano,* Hudson County Prosecutor, attorney for appellant (*Ramon De La Cruz,* Assistant Prosecutor, on the letter-brief).

*John T. Coyle,* attorney for respondent on the letter-brief.

The opinion of the court was delivered by

WALLACE, J.A.D.

V.M., a juvenile, was charged with conduct, which if committed by an adult, would constitute receiving stolen property in violation of *N.J.S.A.* 2C:20–7. He entered into a plea agreement with the State whereby he would plead guilty and in return the State would recommend as a disposition a twelve-month review. The court followed the recommendation and adjourned formal entry of disposition of the case for a twelve-month period with the condition that V.M. attend school and abide by a curfew. If during this period V.M. makes a satisfactory adjustment, then the complaint would ultimately be dismissed.

The State now appeals contending that a review period is a disposition under the Juvenile Code and therefore mandatory fines and penalties are required. Specifically, the State urges that the court erred in refusing to assess the penalties under *N.J.S.A.* 2C:20–2.1 [1]

In construing a statute, we must first look at the wording of the statute to ascertain its plain meaning and intent. *Town of*

[1] This appeal was originally considered on our sentencing calendar. At argument the State contended that in addition to the penalties under the new auto theft statute, *N.J.S.A.* 2C:20–2.1, the court should have imposed sixty days mandatory community service and a VCCB penalty. *See N.J.S.A.* 2A:4A–43(e)(1); *State in the Interest of N.S.,* 272 *N.J.Super.* 492, 495, 640 A.2d 354 (Ch.Div.1993). We requested briefs and placed the appeal on our regular calendar. On this appeal, the State only argues that the trial court should have imposed penalties under the theft statute. Accordingly, we deem the other arguments abandoned and only address the application of penalties under the theft statute. *Matter of Bloomingdale Convalescent Center,* 233 *N.J.Super.* 46, 48 n. 1, 558 A.2d 19 (App.Div.1989).

*Morristown v. Woman's Club of Morristown,* 124 *N.J.* 605, 610, 592 *A.*2d 216 (1991); *Kimmelman v. Henkels & McCoy, Inc.,* 108 *N.J.* 123, 128, 527 *A.*2d 1368 (1987). If a statute's language is "plain and clearly reveals the meaning of the statute, the court's sole function is to enforce the statute in accordance with those terms." *Dep't of Law and Public Safety v. Bigham,* 119 *N.J.* 646, 651, 575 *A.*2d 868 (1990).

*N.J.S.A.* 2A:4A–43 is titled "Disposition of delinquency cases." It provides in relevant part that:

b. If a juvenile is adjudged delinquent, and except to the extent that an additional specific disposition is required pursuant to subsection e. or f. of this section, the court may order incarceration pursuant to section 25 of this act or any one or more of the *following dispositions:*

(1) Adjourn formal entry of disposition of the case for a period not to exceed 12 months for the purpose of determining whether the juvenile makes a satisfactory adjustment, and if during the period of continuance the juvenile makes such an adjustment, dismiss the complaint; provided that if the court adjourns formal entry of disposition of delinquency for a violation of an offense defined in chapter 35 or 36 of Title 2C, of the New Jersey Statutes the court shall assess the mandatory penalty set forth in N.J.S. 2C:35–15 but may waive imposition of the penalty set forth in N.J.S. 2C:35–16 for juveniles adjudicated delinquent;

[ (Emphasis added) (Footnote omitted).]

▮ Even though subsection b(1) characterizes the review period as one which would "[a]djourn formal entry of disposition," it is nonetheless listed as a formal disposition. Moreover, where a violation involves an offense under Chapter 35 or 36, certain consequences such as the penalty set forth in *N.J.S.A.* 2C:35–15 apply. Accordingly, we are satisfied that *N.J.S.A.* 2A:4A–43 is clear that the placement of a juvenile under a twelve-month adjustment is a disposition. The more difficult question is what consequences flow from this form of disposition.

The trial court refused to impose penalties pursuant to *N.J.S.A.* 2C:20–2.1 on the theory that a review period is not a disposition which triggers those penalties. As noted, we conclude that "a review period" pursuant to *N.J.S.A.* 2A:4A–43b(1) is a disposition. Subject to subsection e. and f., the only mandatory penalty provided in this section concerns violations under chapter 35 or 36 of Title 2C. Thus on its face, the statute does not require the

imposition of penalties mandated by statutes applicable to criminal proceedings.

Nevertheless, the State urges that *N.J.S.A.* 2C:20–2.1 should be applied to all juveniles adjudicated delinquent, and not merely juveniles waived to adult court. *See State in the Interest of N.S.,* *supra,* 272 *N.J.Super.* 492, 640 *A.*2d 354 (Ch.Div.1993). *N.J.S.A.* 2C:20–2.1 reads in pertinent part:

> a. In addition to any other disposition authorized by law, a person convicted under the provisions of this chapter of theft or unlawful taking of a motor vehicle shall be subject:
>
> (1) For the first offense, to a penalty of $500.00 and to the suspension or postponement of the person's license to operate a motor vehicle over the highways of this State for a period of one year.
>
> . . . .
>
> b. The suspension or postponement of the person's license to operate a motor vehicle pursuant to subsection a. of this section shall commence on the day the sentence is imposed. In the case of any person who at the time of the imposition of sentence is less than 17 years of age, the period of the suspension of driving privileges authorized herein, . . . shall commence on the day the sentence is imposed and shall run for a period as fixed by the court of one year for a first offense, . . . calculated from the day after the day the person reaches the age of 17 years. If the driving privilege of any person is under revocation, suspension, or postponement for a violation of any provision of this Title or Title 39 of the Revised Statutes at the time of any conviction or adjudication of delinquency for a violation of any offense defined in this chapter or chapter 36 of this Title, the revocation, suspension, or postponement period imposed herein shall commence as of the date of termination of the existing revocation, suspension, or postponement.

The State points to the language in the above section which refers to a person who already has his license suspended "at the time of any conviction or adjudication of delinquency for a violation of any offense defined in this chapter" to argue that the penalties of *N.J.S.A.* 2C:20–2.1 apply to both adults and juveniles. We first note that there is a serious question whether *N.J.S.A.* 2C:20–2.1 provides for mandatory penalties. It states that persons who commit an automobile theft are "subject to" certain penalties. This may well be an authorization rather than a mandate to impose specific penalties. On the other hand, the comment to this section states that the "primary purpose of this section is to increase penalties for automobile theft." Cannel, *New Jersey Criminal Code Annotated* comment on *N.J.S.A.* 2C:20–2.1 (1994).

We note that the State's brief does not address this issue. It would not be appropriate to decide whether the penalties of *N.J.S.A.* 2C:20–2.1 are mandatory or permissive without the parties briefing the issue. However, we need not decide the full extent of this statute in order to decide this appeal.

"Statutes *in pari materia* are to be construed together when helpful in resolving doubts or uncertainties and the ascertainment of legislative intent." *State v. Green*, 62 *N.J.* 547, 554–55, 303 *A.*2d 312 (1973). In reading the statutes together (*N.J.S.A.* 2A:4A–43b(1) and *N.J.S.A.* 2C:20–2.1), we are satisfied that the Legislature did not intend the theft penalties in *N.J.S.A.* 2C:20–2.1 to apply to a disposition in the form of a review period under *N.J.S.A.* 2A:4A–43b(1). This latter section provides for adjournment of "formal entry of disposition[s]" and further provides that "if during the period of continuance the juvenile makes such an adjustment, [the court shall] dismiss the complaint." In our view it is incompatible with dismissal of the complaint to require imposition of mandatory penalties, unless specifically required by *N.J.S.A.* 2A:4A–43. Further, our interpretation is supported by the express wording of *N.J.S.A.* 2A:4A–43b(1), which provides that upon adjournment of "formal entry of disposition of delinquency ... the court shall assess the mandatory penalties set forth in N.J.S. 2C:35–15 but may waive imposition of the penalty set forth in N.J.S. 2C:35–16 for juveniles adjudicated delinquent." Surely, if the Legislature intended the penalties of *N.J.S.A.* 2C:20–2.1 to apply to a disposition under *N.J.S.A.* 2A:4A–43b(1), it would have expressly included *N.J.S.A.* 2C:20–2.1 in this section of the statute.

We therefore conclude that the penalties set forth in *N.J.S.A.* 2C:20–2.1 do not apply to a juvenile who is adjudicated delinquent and sentenced to a review period under *N.J.S.A.* 2A:4A–43b(1). We do not address whether the penalties of *N.J.S.A.* 2C:20–2.1 apply to other juvenile dispositions, whether said penalties are in fact mandatory.

Affirmed.