783 A.2d 260

STATE OF NEW JERSEY IN THE INTEREST
OF N.L., A JUVENILE, APPELLANT.

Superior Court of New Jersey
Appellate Division

Argued October 17, 2001—Decided November 2, 2001.

Before Judges BAIME, NEWMAN and FALL.

*Joe E. Strauss*, argued the cause, for appellant N.L.

*Harvey B. Lester*, Assistant Prosecutor, argued the cause for respondent State of New Jersey (*Steven B. Rubin*, Hunterdon County Prosecutor, attorney; *Mr. Lester*, of counsel and on the brief).

The opinion of the court was delivered by

FALL, J.A.D.

The novel issue in this juvenile delinquency appeal is whether the Family Part is mandated by *N.J.S.A.* 2C:33–3.1 to impose a six-month suspension or postponement of the juvenile's driver's license privilege when the juvenile pleads guilty to or is adjudicated delinquent of making a false alarm, contrary to *N.J.S.A.* 2C:33–3(a), and the court enters a deferred disposition pursuant to *N.J.S.A.* 2A:4A–43b(1) that results in dismissal of the delinquency complaint if the juvenile makes a satisfactory adjustment during the period of continuance. We hold that the penalties set forth in *N.J.S.A.* 2C:33–3.1 are not mandated when the Family Part elects to enter an adjourned disposition pursuant to *N.J.S.A.* 2A:4A–43b(1).[1]

---

[1] However, if the juvenile fails to make a satisfactory adjustment during the period of continuance, resulting in the adjourned disposition being vacated, and one or more of the other dispositional alternatives enumerated in *N.J.S.A.* 2A:4A–43b is entered, imposition of the penalties contained in *N.J.S.A.* 2C:33–3.1 is mandatory.

This issue arises in the context of the following factual and procedural history. N.L. was born on August 20, 1989. On March 7, 2000, when N.L. was age 10, he was charged with an act of juvenile delinquency which, if committed by an adult, would constitute fourth-degree making a false public alarm, contrary to *N.J.S.A.* 2C:33–3(a).[2] Specifically, N.L. was charged with pulling a fire alarm in the hallway of Copper Hill School in Flemington on March 6, 2000, without any fire or smoke being present, causing the fire alarm to go off and the school to be evacuated.

*N.J.S.A.* 2C:33–3.1, entitled "Penalties for Juvenile Violating N.J.S. 2C:33–3," was enacted by *L.* 1999, *c.* 195, § 2, effective August 31, 1999. *N.J.S.A.* 2C:33–3.1a provides that where a juvenile is "adjudicated delinquent for a violation of *N.J.S.* 2C:33–3 the court shall suspend or postpone the juvenile's right to operate a motor vehicle including a motorized bicycle for a period of six months, in addition to any other disposition ordered by the court under [*N.J.S.A.* 2A:4A–43]."

Counsel for N.L. filed a motion *in limine* seeking a determination that the provisions of *N.J.S.A.* 2C:33–3.1 would not be applicable to N.L. if he were to receive a deferred disposition pursuant to *N.J.S.A.* 2A:4A–43b(1) "since such does not constitute an adjudication of juvenile delinquency which would require the imposition of a mandatory period of suspension or postponement of the juvenile's right to operate or receive a driver's license." Specifically, counsel for N.L. argued that when a court orders a deferred disposition pursuant to *N.J.S.A.* 2A:4A–43b(1), it cannot be said that the juvenile was "adjudicated delinquent;" hence, *N.J.S.A.* 2C:33–3.1 is inapplicable.

A hearing was conducted on N.L.'s motion in the Family Part on May 1, 2000. The judge entered an order on that date, ruling

---

[2] We note that a violation of *N.J.S.A.* 2C:33–3(a) was upgraded to a crime of the third degree by *L.* 1999, *c.* 195, § 1, effective August 31, 1999. Accordingly, the juvenile complaint is apparently in error by reciting it as a fourth-degree offense.

that the driver's license postponement provisions contained in
*N.J.S.A.* 2C:33–3.1 would be applicable to N.L. if he received a
deferred disposition pursuant to *N.J.S.A.* 2A:4A–43b(1). In a
written statement of reasons, the judge stated, in pertinent part:

> [T]he juvenile defendant argues that a deferred disposition is not really an
> adjudication because it results in a dismissal of the complaint if successfully
> completed. However, the juvenile fails to read *N.J.S.A.* 2A:4A–43b accurately
> because that statute permits the court to impose a disposition on a juvenile only if
> he is adjudged delinquent. Without a finding of delinquency, the court is without
> power to act. Nowhere does [*State in the Interest of V.M.*, 279 *N.J.Super.* 535, 653
> A.2d 612 (App.Div.1995)], cited by the juvenile, conclude that a deferred disposition
> does not result in a finding of delinquency. Instead, *V.M.* addresses whether a
> deferred disposition is a disposition as contemplated in *N.J.S.A.* 2C:20–2.1. As to
> that subject, *V.M.* states: "Even though subsection b(1) characterizes the review
> period as one which would '[a]djourn formal entry of disposition,' it is nonetheless
> listed as a formal disposition.... Accordingly, we are satisfied that *N.J.S.A.*
> 2A:4A–43 is clear that the placement of a juvenile under a twelve-month adjust-
> ment is a disposition. The more difficult question is what consequences flow from
> this form of disposition." [*V.M., supra,* 279 *N.J.Super.* at 537, 653 *A.2d* 612.]

In *V.M.*, the court assessed whether a deferred disposition required the suspen-
sion or postponement of a juvenile's driving privileges for theft of a motor vehicle
under *N.J.S.A.* 2C:20–2.1. *N.J.S.A.* 2A:4A–43(b) provides in pertinent part: "if a
juvenile is adjudged delinquent ... the court may order ... one or more of the
following dispositions: (1) Adjourn formal entry of disposition of the case for a
period not to exceed 12 months ... and if ... the juvenile makes [a satisfactory]
... adjustment, dismiss the complaint;" however, the court shall assess mandatory
drug enforcement and demand reduction penalties of *N.J.S.* 2C:35–15, but may
waive imposition of the penalty under *N.J.S.A.* 2C:35–16, which is the loss of
driving privileges required for drug offenders. In the case of *V.M.*, the juveniles
plead guilty to receiving stolen property in violation of *N.J.S.A.* 2C:20–7 and
received a deferred disposition for twelve months. The "sentencing" court refused
to impose the mandatory fines and penalties required by *N.J.S.A.* 2C:20–2.1. This
statute reads in pertinent part: "In addition to any other disposition authorized by
law, a person convicted under the provisions of this chapter of theft or unlawful
taking of a motor vehicle shall be subject ... to suspension or postponement of the
person's license to operate a motor vehicle...." The *V.M.* court noted a serious
question as to whether the term "subject to" was a mandatory penalty but found no
need to resolve whether that phrase was an authorization or a mandate. Instead,
the *V.M.* court said: "In our view it is incompatible with dismissal of the complaint
to require imposition of mandatory penalties unless specifically required by
*N.J.S.A.* 2A:4A–43" and concluded that if the penalties of *N.J.S.A.* 2C:20–22.1 were
to be mandatory, the Legislature could have included those in *N.J.S.A.* 2A:4A–43
as mandatory along with *N.J.S.A.* 2C:35–15. [279 *N.J.Super.* at 539, 653 *A.2d* 612.]
Since the Legislature did not, [the court] concluded *N.J.S.A.* 2C:20–2.1 was not
mandatory for a deferred disposition. [*Ibid.*]

The *V.M.* court did not rule on whether *N.J.S.A.* 2C:20–2.1 would be mandatory for other juvenile dispositions. I note that *N.J.S.A.* 2C:20–2.1 was enacted in 1993 to increase penalties for theft or unlawful taking of motor vehicle[s] was however to be mandatory in adult sentencing. *State v. Roma [Rama],* 298 *N.J.Super.* 339[, 689 *A.*2d 776] (App.Div.1997)[, *aff'd,* 153 *N.J.* 162, 707 *A.*2d 999 (1998).]

Unlike *N.J.S.A.* 2C:20–2.1, *N.J.S.A.* 2C:33–3.1, which was enacted to be effective August 31, 1999, does not suggest mere authorization to require the penalty. The language is directed specifically to juveniles and the terms are unequivocal. When a juvenile is adjudicated delinquent for making a false public alarm, "the court shall suspend or postpone the juvenile's right to operate a motor vehicle . . . ." As already noted, *N.J.S.A.* 2A:4A–43 requires an adjudication of delinquency before any disposition including a deferred disposition may be imposed by the court. Therefore, any juvenile who pleads or is found guilty of violating *N.J.S.A.* 2C:33–3, even though a deferred disposition is imposed, must have his or her license suspended or postponed for six months as part of that or "any other disposition."

[Footnote omitted.]

On May 18, 2000, N.L. pled guilty to the charged act of delinquency and the Family Part adjourned formal entry of disposition of the case for a period of one year, pursuant to the provisions of *N.J.S.A.* 2A:4A–43b(1). If N.L. made a satisfactory adjustment during the period of continuance, the complaint was to be dismissed.[3] However, in accordance with its decision on N.L.'s motion *in limine,* the court required that N.L.'s privilege to apply for a motor vehicle driver's license be postponed for a period of six months, pursuant to *N.J.S.A.* 2C:33–3.1a.

On appeal, N.L. contends that since the complaint was to be dismissed when he successfully completes the continuance period established in the deferred disposition imposed, the driver's license suspension provisions of *N.J.S.A.* 2C:33–3.1a are inapplicable.

Upon the filing of a complaint charging a minor with acts of delinquency, unless the complaint is diverted pursuant to *N.J.S.A.* 2A:4A–71 to–75, the New Jersey Code of Juvenile Justice, *N.J.S.A.* 2A:4A–20 to–90, contemplates two basic procedural phas-

---

[3] At oral argument we were informed by counsel that N.L. made a "satisfactory adjustment" and on May 17, 2001 the complaint was dismissed.

es to the processing and resolution of the matter. *See N.J.S.A.* 2A:4A–41.

 Absent a guilty plea to the charged delinquent behavior, the first phase is a hearing, or trial, to determine whether the State can meet its burden to prove, beyond a reasonable doubt, that the juvenile committed the charged act of delinquency. *See State v. Torres,* 313 *N.J.Super.* 129, 145, 713 *A.2d* 1 (App.Div.), *certif. denied,* 156 *N.J.* 425, 719 *A.2d* 1023 (1998) (juveniles charged with acts of delinquency are accorded all rights given to adults charged with a crime). If, after a trial, the court is satisfied that the State has proven each and every element of the offense beyond a reasonable doubt, then the court "adjudicates" the juvenile guilty of the act of delinquency.

 Similarly, if the juvenile enters a plea of guilty to the act of delinquency, and offers or acknowledges a factual basis to support the plea, the court "adjudicates" the juvenile guilty of the act of delinquency. *See State in Interest of J.R.,* 244 *N.J.Super.* 630, 638, 583 *A.2d* 376 (App.Div.1990).

The second procedural phase is the "dispositional hearing," which occurs after "a juvenile is adjudicated delinquent[.]" *N.J.S.A.* 2A:4A–41. At the dispositional hearing of a juvenile "adjudged delinquent," the court may order one or more of the twenty dispositions currently enumerated in *N.J.S.A.* 2A:4A–43(b), including:

> (1) Adjourn formal entry of disposition of the case for a period not to exceed 12 months for the purpose of determining whether the juvenile makes a satisfactory adjustment, and if during the period of continuance the juvenile makes such an adjustment, dismiss the complaint; provided that *if the court adjourns formal entry of disposition of delinquency for a violation of an offense defined in chapter 35 or 36 of Title 2C of the New Jersey Statutes the court shall assess the mandatory penalty set forth in N.J.S. 2C:35–15 but may waive imposition of the penalty set forth in N.J.S. 2C:35–16 for juveniles adjudicated delinquent* [.]
>
> [*N.J.S.A.* 2A:4A–43(b)(1) (emphasis added).]

In *State in Interest of V.M.,* 279 *N.J.Super.* 535, 537, 653 *A.2d* 612 (App.Div.1995), speaking through Judge Wallace, we concluded that adjourning formal entry of disposition pursuant to

*N.J.S.A.* 2A:4A–43b(1) by "placement of a juvenile under a twelve-month adjustment is a disposition." As we noted, however, "[t]he more difficult question is what consequences flow from this form of disposition." *Ibid.* This is so because when "the juvenile makes a satisfactory adjustment" during the period of the adjourned disposition, the delinquency complaint is dismissed. *N.J.S.A.* 2A:4A–43b(1).

In *V.M.*, we analyzed whether the driver's license suspension penalty provision contained in *N.J.S.A.* 2C:20–2.1(a)(1) was applicable when a juvenile pleads guilty to an act of delinquency constituting the theft or unlawful taking of a motor vehicle, contrary to *N.J.S.A.* 2C:20–3(b), and receives an adjourned disposition pursuant to *N.J.S.A.* 2A:4A–43b(1). *Id.* at 536, 653 *A.*2d 612. In rejecting the State's contention that, since an adjourned disposition is a "disposition" under the New Jersey Code of Juvenile Justice, the driver's license suspension was required, Judge Wallace stated, in pertinent part:

> "Statutes *in pari materia* are to be construed together when helpful in resolving doubts or uncertainties and the ascertainment of legislative intent." *State v. Green*, 62 *N.J.* 547, 554–55, 303 *A.*2d 312 (1973). In reading the statutes together (*N.J.S.A.* 2A:4A–43b(1) and *N.J.S.A.* 2C:20–2.1), we are satisfied that the Legislature did not intend the theft penalties in *N.J.S.A.* 2C:20–2.1 to apply to a disposition in the form of a review period under *N.J.S.A.* 2A:4A–43b(1). This latter section provides for adjournment of "formal entry of disposition[s]" and further provides that "if during the period of continuance the juvenile makes such an adjustment, [the court shall] dismiss the complaint." In our view it is incompatible with dismissal of the complaint to require imposition of mandatory penalties, unless specifically required by *N.J.S.A.* 2A:4A–43. Further, our interpretation is supported by the express wording of *N.J.S.A.* 2A:4A–43b(1), which provides that upon adjournment of "formal entry of disposition of delinquency ... the court shall assess the mandatory penalties set forth in N.J.S. 2C:35–15 but may waive imposition of the penalty set forth in N.J.S. 2C:35–16 for juveniles adjudicated delinquent." Surely, if the Legislature intended the penalties of *N.J.S.A.* 2C:20–2.1 to apply to a disposition under *N.J.S.A.* 2A:4A–43b(1), it would have expressly included *N.J.S.A.* 2C:20–2.1 in this section of the statute.
>
> [*V.M., supra,* 279 *N.J.Super.* at 539, 653 *A.*2d 612.]

When the Legislature enacted *N.J.S.A.* 2C:33–3.1, effective August 31, 1999, it may be presumed it was familiar with our construction in *V.M.* of *N.J.S.A.* 2A:4A–43b(1). *Chase Manhattan Bank v. Josephson*, 135 *N.J.* 209, 227, 638 *A.*2d 1301 (1994);

*Brewer v. Porch,* 53 *N.J.* 167, 174, 249 *A.*2d 388 (1969); *Hanover Ins. Co. v. Borough of Atlantic Highlands,* 310 *N.J.Super.* 599, 607, 709 *A.*2d 328 (Law Div.1997). However, when adopting *N.J.S.A.* 2C:33–3.1, the Legislature did not amend *N.J.S.A.* 2A:4A–43b(1) to expressly require the court, in an adjourned disposition where the complaint is to be dismissed upon a satisfactory adjustment during the period of continuance, to impose the driver's license suspension or postponement penalty provided in *N.J.S.A.* 2C:33–3.1a.

Reading the provisions contained in *N.J.S.A.* 2C:33–3.1a and *N.J.S.A.* 2A:4A–43b(1) *in pari materia,* we conclude it is incompatible with dismissal of the complaint to require imposition of the mandatory driver's license privileges' suspension or postponement in the absence of a specific requirement to do so in *N.J.S.A.* 2C:2A:4A–43b(1).

We must recognize that "[t]he juvenile justice system places much greater emphasis [than the adult system] upon rehabilitation[,]" *State in the Interest of S.T.,* 273 *N.J.Super.* 436, 444, 642 *A.*2d 422 (App.Div.1994) (citing *State in the Interest of C.A.H. and B.A.R.,* 89 *N.J.* 326, 336, 446 *A.*2d 93 (1982)), and that "[t]he basic philosophy in the treatment of juvenile offenders has always been to reform and educate juveniles, not to punish them." *Ibid.* (citing *State v. Smith,* 32 *N.J.* 501, 536, 161 *A.*2d 520 (1960), *cert. denied,* 364 *U.S.* 936, 81 *S.Ct.* 383, 5 *L.Ed.*2d 367 (1961)). *See also N.J.S.A.* 2A:4A–21 (outlining the purposes of the Code of Juvenile Justice).

Here, N.L. was age ten when the act of delinquency was committed and had no prior record of delinquency. Clearly, N.L. was an appropriate candidate for an adjourned disposition pursuant to *N.J.S.A.* 2A:4A–43b(1), if not for diversion of the complaint pursuant to *N.J.S.A.* 2A:4A–71(b) or *N.J.S.A.* 2A:4A–73.[4]

---

[4] At argument, counsel advised that N.L. applied for diversion of his complaint to intake or juvenile conference committee for disposition. However, the prosecutor objected and the matter was not diverted, apparently pursuant to *R.* 5:20–

In our view, if the Legislature intended that juveniles who are adjudged delinquent for violating *N.J.S.A.* 2C:33–3 be subject to the mandatory penalties provided in *N.J.S.A.* 2C:33–3.1a, even when given an adjourned disposition pursuant to *N.J.S.A.* 2A:4A–72b(1) that results in dismissal of the complaint, then the expression of such intent had to be contained in the adjourned disposition section, *N.J.S.A.* 2A:4A–43b(1). We reach this conclusion because the disposition imposed resulted in a satisfactory adjustment and dismissal of the complaint.

Additionally, when considering application of mandatory penalties to juvenile dispositions, the Legislature has historically differentiated between adjourned dispositions imposed pursuant to *N.J.S.A.* 2A:4A–43b(1) and the other nineteen dispositions authorized by *N.J.S.A.* 2A:4A–43b.

When the Legislature enacted *N.J.S.A.* 2C:35–15 and–16 by adoption of *L.* 1987, *c.* 106, § 1, both sections mandated that the DEDR and driver license suspension or postponement penalties be applied to juveniles "adjudicated delinquent" of any offense contained in chapters 35 or 36 of Title 2C. However, at the time *N.J.S.A.* 2C:35–15 and–16 were enacted, *N.J.S.A.* 2A:4A–43b(1) was silent on the applicability of the DEDR and driver's license suspension penalties to juveniles adjudicated delinquent who were given an adjourned disposition.

Thereafter, the Legislature engrafted a provision onto *N.J.S.A.* 2A:4A–43b(1) providing that, when imposing an adjourned disposition for an act of delinquency that constitutes a violation of chapters 35 or 36 in Title 2C, "the court shall assess the mandatory penalty set forth in N.J.S. 2C:35–15 but may waive imposition

---

1(c), which prohibits diversion by the court of this grade offense "unless the prosecutor consents thereto." We do not reach or address the issue of whether application of *N.J.S.A.* 2A:4A–73 or other principles of law would have permitted diversion of this complaint by the Family Part notwithstanding the prosecutor's objection. The significance of diversion, of course, is that no "adjudication" of delinquency occurs and *N.J.S.A.* 2C:33–3.1 is clearly inapplicable.

of the penalty set forth in N.J.S. 2C:35–16 for juveniles adjudicated delinquent." *L.* 1988, *c.* 44, § 16, *eff.* June 28, 1988.

We therefore conclude that the mandatory penalties set forth in *N.J.S.A.* 2C:33–3.1 do not apply to a juvenile who is adjudicated delinquent where an adjourned disposition is ordered by the court pursuant to *N.J.S.A.* 2A:4A–43b(1).

Reversed and remanded for entry of an amended disposition consistent with this opinion.