95 A.3d 816

STATE OF NEW JERSEY IN THE INTEREST OF M.L.

Superior Court of New Jersey
Chancery Division Family Part
Monmouth County

Decided July 1, 2013.

*Daniel J. Eastmond,* for M.L. (*Manning, Caliendo & Thomson,* attorneys).

*Caitlin J. Sidley,* Assistant Prosecutor, for the State of New Jersey (*Christopher J. Gramiccioni,* Monmouth County Prosecutor, attorney).

McGANN, J.S.C.

The sole issue confronting the court is whether the mandatory $500 fine under *N.J.S.A.* 2C:33–15(a) must be imposed in the case of a juvenile who receives a deferred disposition pursuant to *N.J.S.A.* 2A:4A–43(b)(1).

The essential facts are not in dispute. M.L., along with several other juveniles, was charged with possession or consumption of an alcoholic beverage by a person under legal age pursuant to *N.J.S.A.* 2C:33–15(a), stemming from an incident occurring on January 30, 2013. The statute provides in pertinent part:

> Any person under the legal age to purchase alcoholic beverages who knowingly possesses without legal authority or who knowingly consumes any alcoholic beverage in any school, public conveyance, public place, or place of public assembly, or motor vehicle, is guilty of a disorderly persons offense, and shall be fined not less than $500.00.

M.L., through her counsel, negotiated a plea agreement whereby she would receive a deferred disposition. Counsel argued that the $500 penalty should not be imposed in the event a deferred disposition was granted. The court allowed the juvenile to file a motion in limine for the court to determine this issue. The state did not oppose the motion.

In accordance with the agreement, M.L. on July 1, 2013, pleaded guilty to underage possession of alcohol under *N.J.S.A.* 2C:33–15(a). On that same date, this court directed that the juvenile be given a six-month deferred disposition pursuant to *N.J.S.A.* 2A:4A–43(b)(1), which reads as follows:

b. If a juvenile is adjudged delinquent, and except to the extent that an additional specific disposition is required pursuant to subsection e. or f. of this section, the court may order incarceration pursuant to section 25 of P.L.1982, c. 77 (c. 2A:4A-44) or any one or more of the following dispositions: Adjourn formal entry of disposition of the case for a period not to exceed 12 months for the purpose of determining whether the juvenile makes a satisfactory adjustment, and if during the period of continuance the juvenile makes such an adjustment, dismiss the complaint; provided that if the court adjourns formal entry of the disposition of delinquency for a violation of an offense defined in Chapter 35 or 36 of Title 2C of the New Jersey Statutes the court shall assess the mandatory penalty set forth in *N.J.S.A.* 2C:35-15 but may waive imposition of the penalty set forth in *N.J.S.A.* 2C:35-16 ...

For the reasons set forth below, this court agreed with the juvenile and withheld imposition of the $500 fine pending successful completion of the deferred disposition and subsequent dismissal of the complaint.

Initially, any question as to whether *N.J.S.A.* 2A:4A-43(b)(1) is a disposition was given repose in the case of *State ex rel. V.M.,* 279 *N.J.Super.* 535, 536, 653 *A.*2d 612 (App.Div.1995) where the court held:

Even though subsection b(1) characterizes the review period as one which would "[a]djourn formal entry of disposition," it is nonetheless listed as a formal disposition. Moreover, where a violation involves an offense under Chapter 35 or 36, certain consequences such as the penalty set forth in *N.J.S.A.* 2C:35-15 apply. Accordingly, we are satisfied that *N.J.S.A.* 2A:4A-43 is clear that the placement of a juvenile under a twelve-month adjustment is a disposition. The more difficult question is what consequences flow from this form of disposition.

While the issue of the $500 fine under *N.J.S.A.* 2C:33-15(a) in the event of a deferred disposition is a case of first impression, driver's license revocation penalties under different criminal statutes have been previously addressed vis-a-vis a deferred disposition. Most notable is *State ex rel. N.L.,* 345 *N.J.Super.* 25, 783 *A.*2d 260 (App.Div.2001). In that matter, the juvenile pleaded guilty to creating a false public alarm under *N.J.S.A.* 2C:33-3 and was given a deferred disposition. The question for that court was whether the mandatory six-month license revocation under the companion statute *N.J.S.A.* 2C:33-3.1 applied. The court drew upon the reasoning it employed in *V.M., supra,* 279 *N.J.Super.* at 539, 653 *A.*2d 612 where the court had to determine whether the

provision for the driver's license revocation in *N.J.S.A.* 2C:20–2.1(a)(1) was mandatory in the case of a juvenile who pleaded guilty to theft or unlawful taking of a motor vehicle under *N.J.S.A.* 2C:20–39(b) and who received a deferred disposition. The court in *State ex rel. N.L., supra,* 345 *N.J.Super.* at 32, 783 *A.*2d 260 cited the pertinent part of its ruling in *V.M.:*

'Statutes in pari materia are to be construed together when helpful in resolving doubts or uncertainties and the uncertainty of legislative intent.' *State v. Green,* 62 *N.J.* 547, 554–55, 303 *A.*2d 312 (1973). In reading the statutes together (*N.J.S.A.* 2A:4A–43b(1) and *N.J.S.A.* 2C:20–2.1), we are satisfied that the Legislature did not intend the theft penalties in *N.J.S.A.* 2C:20–2.1 to apply to a disposition in the form of a review period under *N.J.S.A.* 2A:4A–43b(1). This latter section provides for adjournment of 'formal entry of disposition[s]' and further provides that 'if during the period of continuance the juvenile makes such an adjustment, [the court shall] dismiss the complaint.' In our view it is incompatible with dismissal of the complaint to require imposition of mandatory penalties, unless specifically required by *N.J.S.A.* 2A:4A–43. Further, our interpretation is supported by the express wording of *N.J.S.A.* 2A:4A–43b(1), which provides that upon adjournment of 'formal entry of disposition of delinquency ... the court shall assess the mandatory penalties set forth in *N.J.S.A.* 2C:35–15 but may waive imposition of the penalty set forth in *N.J.S.A.* 2C:35–16 for juveniles adjudicated delinquent.' Surely, if the Legislature intended the penalties of *N.J.S.A.* 2C:20–2.1 to apply to a disposition under *N.J.S.A.* 2A:4A–43b(1), it would have expressly included *N.J.S.A.* 2C:20–2.1 in this section of the statute.

[quoting (*V.M., supra,* 279 *N.J.Super.* at 539, 653 *A.*2d 612).]

The court in *N.L.* reasoned:

When the Legislature enacted *N.J.S.A.* 2C:33–3.1, effective August 31, 1999, it may be presumed it was familiar with our construction in *V.M.* of *N.J.S.A.* 2A:4A–43(b)(1). *Chase Manhattan Bank v. Josephson,* 135 *N.J.* 209, 227, 638 *A.*2d 1301 (1994); *Brewer v. Porch,* 53 *N.J.* 167, 174, 249 *A.*2d 388 (1969); *Hanover Insurance Co. v. Borough of Atlantic Highlands,* 310 *N.J.Super.* 599, 607, 709 *A.*2d 328 (Law Div.1997). However, when adopting *N.J.S.A.* 2C:33–3.1, the Legislature did not amend *N.J.S.A.* 2A:4A–43b(1) to expressly require the court, in an adjourned disposition where the complaint is to be dismissed upon a satisfactory adjustment during the period of continuance, to impose the driver's license suspension or postponement penalty provided in *N.J.S.A.* 2C:33–3.1a.

[*Id.* at 32–33, 783 *A.*2d 260 (citation omitted).]

The court observed that when the Drug Enforcement and Demand Reduction (DEDR) penalties and driver's license revocation under *N.J.S.A.* 2C:35–15 and 16 were enacted, the preexisting *N.J.S.A.* 2A:4A–43(b)(1) obviously did not address the imposition

of these penalties in the case of a juvenile who received a deferred disposition. *Id.* at 34, 783 *A.*2d 260. The court went on to note:

> Thereafter, the Legislature engrafted a provision into *N.J.S.A.* 2A:4A–43b(1) providing that, when imposing an adjourned disposition for an act of delinquency that constitutes a violation of chapters 35 or 36 in Title 2C, "the court shall assess the mandatory penalty set forth in *N.J.S.A.* 2C:35–15 but may waive imposition of the penalty set forth in *N.J.S.A.* 2C:35–16 for juveniles adjudicated delinquent." *L.* 1988, *c.* 44, § 16, eff. June 28, 1988.
>
> [*Id.* at 34–35, 783 *A.*2d 260 (citation omitted).]

The court ruled that the mandatory license revocation penalty in *N.J.S.A.* 2C:33–3.1 was inapplicable to a juvenile who is granted a deferred disposition. *Id.* at 35, 783 *A.*2d 260.

The logic in the cases cited above is no less applicable to the mandatory monetary penalty in the case at bar. Noticeably absent in *N.J.S.A.* 2A:4A–43(b)(1) is any reference to *N.J.S.A.* 2C:33–15(a). While passage of *N.J.S.A.* 2C:33–15(a) in 1979 predated the court's ruling in *V.M., supra,* 279 *N.J.Super.* 535, 653 *A.*2d 612, the Legislature must have been aware of *V.M.'s* presence when it carved out an exception to *N.J.S.A.* 2A:4A–43(b)(1) to allow the imposition of DEDR fines and driver's license revocation under *N.J.S.A.* 2C:35–15 and 16 in the case of a deferred disposition. Despite this, the Legislature failed to include a provision that would impose the $500 penalty under *N.J.S.A.* 2C:33–15(a) when a deferred disposition is granted.

Accordingly, this court concludes that *N.J.S.A.* 2C:33–15(a) read in pari materia with *N.J.S.A.* 2A:4A–43(b)(1) warrants a finding that the imposition of the mandatory $500 fine under *N.J.S.A.* 2C:33–15(a) is not applicable to a juvenile who has been granted and who successfully completes a deferred disposition which ultimately results in dismissal of the complaint.